**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TAREYAN COOK,
D.O.C. # 388887,**

      **Plaintiff,**

**vs.**                       **Case No. 4:14cv79-MW/CAS**

**MICHAEL D. CREWS, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

The pro se Plaintiff submitted a civil rights complaint, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2. Plaintiff's in forma pauperis motion must be denied because Plaintiff is not entitled to proceed with in forma pauperis status.

The complaint form requires a prisoner to "identify each and ever case" that has been dismissed in federal court as frivolous, malicious, failing to state a claim, or prior to service. *See* Doc. 1 at 5, Question D. Plaintiff responded that he had a case dismissed for failure to state a claim, but he did not identify the case number, filing date, or dismissal date. Plaintiff identified the case as Cooks v. James Crosby and Wanda Sheppard. Doc. 1 at 5. Plaintiff identified one other case filed in state court which was dismissed as frivolous. *Id.* Beyond listing two habeas petitions, Plaintiff did not identify

any other cases he had filed, or any other cases dismissed for reasons listed within 28 U.S.C. § 1915(e).

As a matter of course, this Court reviews the litigation history of prisoners seeking in forma pauperis status.  In reviewing Plaintiff's history, it has been discovered that Plaintiff is barred from in forma pauperis status pursuant to 28 U.S.C. § 1915(g). That statute directs that a prisoner may not bring a civil action or appeal as an in forma pauperis litigant if he has had three or more cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In this Court, case number 3:07cv192 was dismissed on August 10, 2007, as malicious for abuse of the judicial process pursuant to § 1915(g) because Plaintiff did not acknowledge seven prior cases that challenged the conditions of his confinement and were dismissed prior to service.  *See* docs. 14 and 18 of case number 3:07cv192.

Plaintiff also filed case number 1:08cv20212 in the Southern District of Florida, which was transferred to the Northern District of Florida on February 29, 2008, and opened as case number 3:08cv85.  That case was also dismissed pursuant to § 1915(g) because Plaintiff did not list four prior cases[1] which were dismissed in the Middle District of Florida, or two prior cases in this District which were dismissed as malicious (case number 3:07cv192), and for failure to state a claim (case number 4:02cv423).  *See* docs. 10-11 of case number 3:08cv85.

---

[1] The Middle District of Florida cases were identified as case numbers: 3:03cv701, 3:02cv773, 3:01cv826, and 3:01cv1062.

Plaintiff also filed case number 4:02cv423 in this Court, and summary judgment was granted in favor of defendants in September of 2007 on the basis that Plaintiff's complaint failed to state a claim upon which relief may be granted.  Docs. 143-144 of case number 4:02cv423.

Plaintiff also initiated case number 1:09cv263 in this Court.  Initially, Plaintiff was granted in forma pauperis status, doc. 5 of that case, but upon review of Plaintiff's allegations in the complaint, Senior United States District Judge Maurice Paul dismissed the complaint because it was discovered that Plaintiff was not entitled to in forma pauperis status and his claims did not bring him within the imminent danger exception of 1915(g).  Doc. 6 of case number 1:09cv263.  Similar events transpired with case number 1:09cv262.  Judge Paul discovered that Plaintiff should not have been granted in forma pauperis status, and the case was dismissed pursuant to § 1915(g).  Doc. 6 of case 1:09cv262.

While Plaintiff has had numerous cases dismissed in the Middle District of Florida, there is no need to expend time reviewing those cases for the reasons they were dismissed.[2]  It is sufficient to note that Plaintiff did not disclose to this Court that he filed any cases in the Middle District.  *See* doc. 1.

Plaintiff's litigation history reveals that Plaintiff is well aware that he is not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g) because Plaintiff has had more than three cases dismissed under § 1915(e).  Plaintiff's complaint in this case has been reviewed and does not come within the exception of § 1915(g).

---

[2] Beyond the four cases listed in footnote 1 on page 2, Plaintiff did not list two additional cases filed in the Middle District of Florida: case number 3:01cv741 and case number 3:02cv273.

Plaintiff's complaint is a typical shotgun pleading, attempting to litigate every wrong he has suffered from the events leading up to his arrest in 2008, deficiencies in the criminal proceedings, the dismissal of his state habeas petition and post-conviction motions. Doc. 1.  After providing twenty-five pages of argument concerning the criminal proceedings, Plaintiff argues that he is in imminent danger because he has a tapeworm and medical personnel refuse to provide treatment or subsequent testing.  *Id.* at 26. Plaintiff also contends that he should be reimbursed for the loss of his dentures.  *Id.* at 27.  Plaintiff's complaint does not present sufficient allegations to show he is "in imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  If Plaintiff truly has a potential claim of serious physical injury, he should be required to file a complaint limited only to such a claim.  In this case, Plaintiff's complaint does not qualify him to proceed and his in forma pauperis motion, doc. 2, should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that any other pending motions be **DENIED** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**